```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  BERNARD V. KLEINMAN,                                      :
                                      Plaintiff,            :
                                                            :       13 Civ. 7530 (JPO)
                  -v-                                       :
                                                            :       OPINION AND ORDER
  ALLEN OZDEMIR, TITLE SECURITY                             :
  AGENCY,                                                   :
                                      Defendants.           :
                                                            :
------------------------------------------------------------ X
```

J. PAUL OETKEN, District Judge:

This action arises out of Plaintiff Kleinman's provision of legal services to Defendant Ozdemir in the matter of *United States v. 11 North Ave. E., Cranford, N.J.*, No. 05 Civ. 9548 (PAE) (S.D.N.Y.) (the "underlying action"). After Ozdemir failed to pay fees due under the retainer agreement, Kleinman sued in New York state court for breach of contract and tortious conduct. Ozdemir subsequently removed the action to federal court. Before the Court is Kleinman's motion to remand. For the reasons that follow, the motion is granted.

**I.     Background**

In the underlying action, the United States sought civil forfeiture of an Arizona property owned by Ozdemir, an Arizona resident. Kleinman, a New York resident and attorney with offices in Westchester County, New York, agreed to represent Ozdemir under a retainer agreement requiring payment upon completion of services based upon proceeds from the sale of the subject property of the forfeiture action. On July 16, 2013, Kleinman submitted a bill for his services in the amount of approximately $83,000, due upon sale of the property. When Kleinman discovered that the property had been sold, notwithstanding Ozdemir's failure to notify him of that fact, he made repeated demands for repayment, which Ozdemir ignored.

1

Kleinman filed an action for breach of contract, fraud, and breach of the duty of good faith against Ozdemir and Title Security Agency ("TSA") in the Supreme Court of New York, County of Westchester, on September 30, 2013, seeking approximately $280,000 in damages. *Kleinman v. Ozdemir*, Index No. 65474/13. (Dkt. No. 1 ("Notice of Removal"), Ex. 1.) On October 25, Ozdemir removed the action to this Court pursuant to 28 U.S.C. § 1441, stating in the notice of removal that "[a]ll defendants have consented to the removal of this action to this Court." On November 14, Kleinman filed a motion to remand the action to state court pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 4.) Kleinman voluntarily dismissed his claims against TSA on November 21. (Dkt. No. 13.)

## II.     Discussion

A defendant may remove from state to federal court "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "To remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving the summons and complaint." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 622 (S.D.N.Y. 2004) (citing 28 U.S.C. § 1446). "If the plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper." *Id.* at 623 (citations omitted).

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the plaintiff and defendants are citizens of different states.[1] Kleinman argues that removal was nevertheless improper based upon the following forum-selection clause in the retainer agreement:

> In the event that any dispute shall arise as to fees or expenses owed Attorney by Clients, the parties agree that they shall resolve any such dispute through arbitration pursuant to the Rules of the Chief

---

[1] TSA is a citizen of Arizona.

2

>Administrator of the Courts of the State of New York.  And, that venue for such action lies in the Supreme Court, County of Westchester, State of New York.

(Removal, Ex. A at 24.)  "A forum-selection clause, though it can have jurisdictional consequences, does not oust a district court of subject-matter jurisdiction.  Instead, such a clause requires a district court, after it has determined that it has personal and subject-matter jurisdiction, to consider whether it should 'exercise its jurisdiction to do more than give effect to the legitimate expectations of the parties . . . by specifically enforcing the forum clause.'"  *Karl Koch Erecting Co., Inc. v. N.Y. Convention Ctr.*, 838 F.2d 656, 658 (2d Cir. 1988) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)) (alterations adopted).  That is, even though a defendant may have the right to remove an action to federal court because there is original jurisdiction, the defendant may waive that right through a forum-selection clause.  *See, e.g.*, *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) (citations omitted).

The parties differ over whether the forum-selection clause is mandatory, meaning it designates the exclusive jurisdiction for resolution of this dispute, or permissive, meaning that it establishes one forum with jurisdiction, but not the only one.  *See, e.g.*, *John Boutari & Sons Wine and Spirits, SA v. Attiki Importers and Distributors Inc.*, 22 F.3d 51, 53 (2d Cir. 1994).  It is not necessary to reach this interpretive issue, however, because Ozdemir did not properly exercise his right to remove under 28 U.S.C. § 1446.

Under the stringent unanimity rule, removal is permissible only if each "defendant . . . either actually join[s] in a notice of removal or independently express[es] to the Court his or her consent to removal within the thirty-day period."  *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, 12 Civ. 5557 (JPO), 2013 WL 1234958, at *6 (Mar. 26, 2013 S.D.N.Y.).  As Kleinman points out, the Notice of Removal is signed by Ozdemir, but not by the other defendant (at the time), TSA.  Rather, it states that "[a]ll defendants have consented to the

removal of this action to this Court." (Notice of Removal ¶ 8.) It is undisputed that TSA did not independently express its consent to the Court within the 30-day period. Indeed, Ozdemir's only counterargument to Kleinman's assertion that removal was procedurally defective is a declaration by Ozdemir's counsel indicating that TSA's counsel e-mailed *him* conveying its consent to remove. (Dkt. No. 8.) That was inadequate to satisfy the unanimity rule. As this Court explained in *Bedminster*, "a body of clear and settled precedent" establishes that "even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." 2013 WL 1234958, at *7 (citation omitted). This rule is strictly enforced based upon the limited jurisdiction of federal courts and respect for the independence of state courts. *Id.* at *2 (citations omitted). Accordingly, Kleinman's motion to remand the case to state court must be granted. *See Bedminster*, 2013 WL 1234958, at *5-7 (declining similar argument against remand and collecting cases).

### III.  Conclusion

For the foregoing reasons, it is hereby ORDERED that:

Kleinman's motion to remand this action to state court is GRANTED.

The Clerk of Court is directed to remand this action to New York Supreme Court for Westchester County, to close the motion at docket number 4, and to close this case.

SO ORDERED.

Dated: New York, New York
       April 2, 2014

                                              _____
                                                             J. PAUL OETKEN
                                                      United States District Judge